UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff/Petitioner, ) <br> ) <br> v. ) <br> ) <br> KARI DAWN YOUNT, ) <br> ) <br>     Defendant/Respondent. ) | Criminal No. 3:18-cr-00004-GFVT-CJS <br> Civil No. 3:20-cv-00051-GFVT-CJS <br><br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Candace J. Smith. [R. 71.] Ms. Yount filed her Motion to Vacate under 28 U.S.C. § 2255 on June 30, 2020. [R. 51.] The Government has responded to Ms. Yount's motion and Ms. Yount has not filed a reply. For the reasons that follow, Ms. Yount's § 2255 Motion will be DENIED.

**I**

On June 24, 2019, Ms. Yount pleaded guilty to one count of distribution of heroin resulting in an overdose death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). [R. 49.] Ms. Yount received a sentence of 252 months in prison to be followed by a term of five years of supervised release. *Id.* This Court entered Judgment against Ms. Yount on July 25, 2019, and Ms. Yount had fourteen days in which to perfect her appeal, which she failed to do. Her judgment therefore became final on August 8, 2019, and pursuant to 28 U.S.C. § 2255(f), Ms. Yount had one year from that date to timely file her § 2255 petition.

On June 30, 2020, within the one-year timeframe, Ms. Yount filed her § 2255 petition. [R. 51.] In her petition, Ms. Yount argues that she (1) was denied a competency hearing after

evaluation, (2) was misinformed by her attorney, (3) had information withheld from her by her attorney, and (4) received ineffective counsel. [R. 51 at 4–8.] On May 10, 2021, Judge Smith filed a recommended disposition in this case, recommending that Ms. Yount's § 2255 claim be denied. [R. 71.] Ms. Yount has filed no objections to Judge Smith's recommended disposition, and the matter is now ripe for the Court's review.

## II

### A

In her recommended disposition, Judge Smith carefully and thoroughly analyzes the arguments and the record in determining that Ms. Yount's § 2255 motion should be denied. Under 28 U.S.C. § 2255(a), a federal prisoner must allege, as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003)). Ms. Yount is required to prove her allegations by a preponderance of the evidence. *Id.*

Here, because all four of Ms. Yount's claims pertain to whether her attorney was ineffective in violation of her Sixth Amendment right to effective assistance of counsel, her claims must be evaluated under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, Ms. Yount must prove both deficient performance and prejudice. *Id.* To satisfy the deficient performance prong, Ms. Yount must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To prove the prejudice prong, Ms. Yount "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694.  Courts evaluating prejudice must evaluate the "totality of the evidence before the judge or jury." *Id.* at 695.

Ms. Yount first argues that she was "[d]enied [a] competency hearing after evaluation."[1] [R. 51 at 4; R. 59 at 1.]  However, as Judge Smith points out, Ms. Yount did in fact receive a competency hearing.  [R. 31; R. 71 at 6.]  This truth renders her first argument factually incorrect.  However, construing the argument liberally in Ms. Yount's favor, Judge Smith states that the context of the argument indicates that Ms. Yount was expressing dissatisfaction with her attorney advising her to waive the introduction of evidence (besides the Psychiatric Report); advising her to waive her right to examine Dr. Nybo, the author of the Psychiatric Report; and stipulating to the admissibility of Dr. Nybo's qualifications, findings, and report.  [R. 71 at 6.]

Even in this more liberally construed context, however, Ms. Yount has not "met [her] burden of proof that [s]he is not mentally competent to stand trial or, in [her] case, to plead guilty." *Byrd v. United States*, 1994 WL 84743, at *1 (6th Cir. 1994).  First, Ms. Yount argues that she is "uncertain that [she] was competent."  [R. 59 at 1.]  However, such a conclusory statement is not sufficient to demonstrate that she was not competent enough to plead guilty.  *See United States v. Crosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) (finding that "conclusory assertions of ineffective assistance are not adequate").  Second, Ms. Yount briefly refers to a "schizophrenic episode" that she had after being arrested.  [R. 59 at 1.]  However, as Judge Smith points out, mental disorders do not necessarily render an individual legally incompetent. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) ("Although there is some suggestion in the record that the defendant is currently under psychiatric care, even if she was

---

[1] While it would be reasonable to assume that Ms. Yount was alleging court error with her denial of a competency hearing argument, the context of Ms. Yount's argument indicates, as Judge Smith identifies, "dissatisfaction at her counsel" and not with the Court. [R. 71 at 6.] Therefore, this argument will be construed as attacking her counsel's performance.

3

mentally ill, '[i]t does not follow that because a person is mentally ill [s]he is not competent to stand trial.'") (quoting *Newfield v. United States*, 565 F.2d 203, 206 (2d Cir. 1977)). Furthermore, the evidence in the record demonstrates that Ms. Yount was competent. Dr. Nybo's report stated that Ms. Yount was competent, Ms. Yount's interactions with her attorney demonstrated that she was competent, and Ms. Yount spoke with the Court and the Court agreed that she was competent. [R. 71 at 8.] Therefore, given the facts in the record, the Court agrees with Judge Smith that Ms. Yount has failed to demonstrate that her counsel was ineffective with regards to Ms. Yount's competency hearing.

Ms. Yount next argues that her attorney misadvised her about the minimum sentence that she faced. [R. 51 at 5; R. 59 at 1.] Ms. Yount argues that she was hesitant to sign the plea agreement but her attorney told her that if she signed the plea agreement she would "be sentenced under 20 years." [R. 59 at 1.] Further, she states that the attorney never explained to her this was a mandatory minimum case "or what a mandatory minimum was." *Id.* "A criminal defendant has a right to expect at least that [her] attorney will…explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United* States, 348 F.3d 545, 553 (6th Cir. 2003). As Judge Smith finds, a review of the record demonstrates that this argument is without merit.

Ms. Yount's plea agreement, which she signed, clearly states that "[t]he statutory punishment for the charged offense is imprisonment for not less than 20 years." [R. 42 at 4.] Furthermore, during the rearraignment, Ms. Yount heard from this Court and Mr. Bradbury of the United States Attorney's Office that the statutory punishment is not less than twenty years. [R. 65 at 14, 19.] Ms. Yount also acknowledged in open court that (1) she signed the plea agreement; (2) she read and understood each provision; (3) nobody "made any promises" to her

4

"that [were] not included" in the agreement; and (4) she talked with her lawyer several times "about the charge, about pleading guilty, [and] about the case generally." [R. 65 at 12–14, 19.] Ms. Yount had the opportunity to ask any questions about her sentencing, and she indicated that she had no questions and pled guilty. *Id.* at 21, 28. Therefore, even if Ms. Yount's attorney failed to make it clear to her that she would be serving at least twenty years in prison, "the trial court's proper plea colloquy cured any misunderstanding [s]he may have had about the consequences of [her] guilty plea." *Ramos v. Rogers*, 170 F.3d 560, 561 (6th Cir. 1999). While Ms. Yount appears to be arguing that if her attorney had informed her about her mandatory minimum sentence she would have proceeded differently, she was informed multiple times about the mandatory minimum sentence and still pled guilty. [R. 65 at 28.] Therefore, the Court agrees with Judge Smith as to this second ground.

Ms. Yount's third argument is that Counsel was not effective because she withheld a possible defense from Ms. Yount. [R. 51 at 6; R. 59 at 2.] Specifically, Ms. Yount argues that her attorney "gave her no possible defense to use at trial" and that she has since "learned about the case of *Burrage vs. U.S.* in which the court decided that it is no longer sufficient to show that the defendant merely contributed to the victim's death." [R. 59 at 2.] Ms. Yount argues that the *Burrage* case would be helpful to her because the individual who died from a drug overdose died "of a mixed drug cocktail" and therefore the drug that she gave the victim was not the "but-for" cause of death. *Id.*

In *Burrage v. United States*, the Supreme Court held, in the context of culpability in drug overdose cases, that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision…unless such use is a but-for cause of the

5

death or injury." 571 U.S. 204, 218–19.  But-for causation is present where "the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so." *Id.* at 211.

Here, it is true that the victim's blood contained multiple substances when he died, and that he "died from the acute combined toxic effects of heroin, cocaine and ethanol." [R. 42 at 4.] However, Toxicologist Michael Ward, after reviewing the toxicological results, the autopsy report, the death certificate, and the KSP lab reports, found that the victim "would not have died had it not been for his ingestion of heroin." *Id.*  Thus, even though multiple substances were present in the victim's blood, the fact that he would not have died had it not been for his ingestion of heroin means that the heroin was a but-for cause of the victim's death in satisfaction of *Burrage*, and Ms. Yount cannot establish the ineffectiveness of counsel for not advising her to pursue a *Burrage* defense.

Finally, Ms. Yount argues that her counsel was ineffective in advising her that she could still file an appeal when she could not.  [R. 51 at 8; R. 59 at 2.]  Ms. Yount states, "[u]pon being told by the Judge that by signing a plea I could not appeal, I tried to back out from signing.  At that point [it] was explained by Mrs. Ledgewood that I could still file appeal.  It was not true, and at the time I did not understand." [R. 59 at 2.]  However, this argument is factually incorrect.  Although Ms. Yount waived "the right to appeal the guilty plea and conviction," she did not waive the right to appeal her sentence.  [R. 42 at 6.]  This point was clearly made during the rearraignment, where Ms. Yount's attorney stated that Ms. Yount understood the consequences of waiving certain appeal rights and stated that Ms. Yount "still retains her right to appeal the sentence," which was the right Ms. Yount "was most concerned about." [R. 65 at 25.]

6

Furthermore, Ms. Yount's counsel states in an affidavit that Ms. Yount did not reach out to her about filing an appeal during the time period in which to file a notice of appeal. [R. 67-1 at 1.]

Ms. Yount's cursory argument fails to provide any factual or legal support showing how her attorney rendered deficient performance or prejudiced her. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) ("Yet, merely conclusory allegations of ineffective assistance like those Wogenstahl makes here, are insufficient to state a constitutional claim."). Ultimately, Judge Smith recommends that Ms. Yount's § 2255 motion be denied and that judgment in favor of the United States be entered in Ms. Yount's ancillary action dismissing and striking the ancillary action from this Court's active docket. [R. 71 at 14.]

**B**

Judge Smith also recommends that Ms. Yount's certificate of appealability be denied. *Id.* at 13. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if Ms. Yount makes a substantial showing of the denial of a constitutional right. The Supreme Court has clearly explained the requirements associated with a "substantial showing of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows at least, that jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Here, Judge Smith states, and the Court agrees, that reasonable jurists would not debate the denial of Ms. Yount's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. [R. 71 at 12; *see* 28 U.S.C. § 636(b)(1).] Ms. Yount has not filed any objections to Judge Smith's Report and Recommendation.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith recommended disposition.

### III

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 71]** as to Defendant Kari Dawn Yount is **ADOPTED** as and for the opinion of the Court;

2. Ms. Yount's § 2255 motion **[R. 51]** is **DENIED WITH PREJUDICE**;

3. A Certificate of Appealability as to all issues raised by Ms. Yount is **DENIED**;

4. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith; and

5. Ms. Yount's collateral proceeding is **DISMISSED AND STRICKEN** from the active docket.

This the 16th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge

9